**NOT FOR PUBLICATION**

NOV 22 2013

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BRENT MCCLAIN, | No. 12-35609 |
| Plaintiff - Appellant, | D.C. No. 3:11-cv-00756-HA |
| v. | |
| VERNONIA SCHOOL DISTRICT, et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Ancer L. Haggerty, District Judge, Presiding

Submitted November 5, 2013[**]
Portland, Oregon

Before: M. SMITH and HURWITZ, Circuit Judges, and MAHAN, District
Judge.[***]

Appellant Brent McClain appeals a summary judgment entered in favor of

appellees Vernonia School District and Kenneth Cox. McClain argues that he had

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable James C. Mahan, District Judge for the U.S. District Court for the District of Nevada, sitting by designation.

a constitutionally protected property interest in his employment with the school district, including: (1) the right to be transferred into the teacher on special assignment ("TOSA") position; and (2) the right to be recalled to the newly created part-time administrator position. McClain further argues that the school district deprived him of his property interest in continued employment without due process of law.

The Oregon Court of Appeals addressed the statutory rights of probationary employees in *Papadopoulos v. Oregon State Board of Higher Education*, 511 P.2d 854 (Or. Ct. App. 1973). In discussing school district employees covered by sections 342.805 to 342.955 of the Oregon Revised Statutes, the court determined that "[i]t is clear that at the end of the term of the contract[] during the probationary period a teacher has no job security." *Id.* at 868. The court concluded that "[e]mployees who are in a probationary status, either temporarily or permanently, have no property interest within the meaning of the Fourteenth Amendment." *Id.* at 871.

As a probationary employee whose contract expired, McClain had no protected property interest in continued employment, including any right to be transferred into the TOSA position or to be recalled to the part-time administrator position. Because McClain did not have a constitutionally protected property

2

interest in his continued employment, the court need not decide whether he was given sufficient process.

**AFFIRMED.**